UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| HEATH JAMES BORDEN,<br>                    Plaintiff,<br><br>v.<br><br>BP EXPLORATION & PRODUCTION, INC.<br>& BP AMERICA PRODUCTION COMPANY,<br>                    Defendants.<br><br>Related to:    12-968 BELO<br>                    in MDL No. 2179 | CIVIL ACTION<br><br>CASE NO. _____<br><br><br>JUDGE BARBIER<br>MAG. JUDGE WILKINSON |

## BELO COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Plaintiff, HEATH JAMES BORDEN, who submits this Complaint and respectfully pleads as follows:

### I. INTRODUCTION

1.      This is a Back-End Litigation Option ("BELO") lawsuit filed pursuant to the BELO provisions of the *Deepwater Horizon* Medical Benefits Class Action Settlement Agreement in MDL No. 2179 ("MSA").  Record Doc No. 6427-1, Record Doc. No. 8218.

2.      As required by the MSA, Plaintiff has abided by the requirement to file a Notice of Intent to Sue and has filed this lawsuit within six months of notice by the *Deepwater Horizon* Medical Benefits Claims Administrator of Defendants' election not to mediate, per Section VIII of the MSA.

1

3.      Plaintiff seeks compensatory damages and related court costs for Later-Manifested Physical Conditions[1] ("LMPC") he suffered as a result of the *Deepwater Horizon* Incident[2].

## II. PARTIES

4.      Plaintiff, HEATH JAMES BORDEN ("Plaintiff"), is a resident of Florence, AL in the Alabama Northern District Court. At the time of the *Deepwater Horizon* Incident Plaintiff was a resident of Gulf Shores, AL in the Alabama Southern District Court. Plaintiff has been designated by the *Deepwater Horizon* Medical Benefits Claims Administrator as a Clean-Up Worker, as defined by the MSA.

5.      Pursuant to the terms of the MSA and this Court's BELO Cases Initial Proceedings Case Management Order ("BELO CMO"), BP EXPLORATION & PRODUCTION, INC., and BP AMERICA PRODUCTION COMPANY are exclusive defendants herein. Record Doc. 14099. Both defendants are incorporated in the State of Delaware and have corporate headquarters in Houston, Texas. Defendants will be served pursuant to the BELO CMO.

## III. JURISDICTION AND VENUE

6.      Jurisdiction and venue are proper before this Court under the BELO provision of the MSA, as a related case to MDL No. 2179, and specifically arising from the rights and stipulations provided in Section VIII of the MSA.

---

[1]  "LATER-MANIFESTED PHYSICAL CONDITION ("LMPC") shall mean a physical condition that is first diagnosed in a MEDICAL BENEFITS SETTLEMENT CLASS MEMBER after April 16, 2012, and which is claimed to have resulted from such MEDICAL BENEFITS SETTLEMENT CLASS MEMBER'S exposure to oil, other hydrocarbons, or other substances released from the MC252 WELL and/or the *Deepwater Horizon* and its appurtenances, and/or exposure to dispersants and/or decontaminants used in connection with the RESPONSE ACTIVITIES, where such exposure occurred on or prior to September 30, 2010, for ZONE A RESIDENTS; on or prior to December 31, 2010, for ZONE B RESIDENTS; and on or prior to April 16, 2012, for CLEAN-UP WORKERS." MSA Sec. II, Para. VV.

[2]  "*DEEPWATER HORIZON* INCIDENT shall mean the events, actions, inactions, and omissions leading up to and including (i) the blowout of the MC252 WELL, (ii) the explosions and fire on board the *Deepwater Horizon* on or about April 20, 2010, (iv) the release of oil, other hydrocarbons, and other substances from the MC252 well, and/or the *Deepwater Horizon* and its appurtenances, (v) the efforts to contain the MC252 WELL, and (vi) RESPONSE ACTIVITIES." MSA Sec. II, Para. X.

7.     Jurisdiction also exists before this Court pursuant to its maritime jurisdiction under Article III, Section 2 of the United States Constitution, which empowers the federal judiciary to hear "all Cases of admiralty and maritime Jurisdiction," under 28 U.S.C. §1333, and the Admiralty Extension Act, 46 U.S.C. § 30101.

8.     The claims presented herein are admiralty or maritime claims within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.  Plaintiff therefore requests a non-jury trial.

9.     Venue is most appropriate in the Alabama Southern District Court as Plaintiff was a resident of this Judicial District at the time of the *Deepwater Horizon* Incident.

## IV. FACTUAL BACKGROUND AND CAUSES OF ACTION

10.     During the *Deepwater Horizon* Incident, Plaintiff was employed by JW Legacy, 5212 Willis Road, Theodore, AL 36582 and Crowder Gulf, 5435 Business Parkway, Theodore, AL 36582 to perform Response Activities[3], as defined by the MSA.

11.     Plaintiff was exposed to substances and chemicals involved in the *Deepwater Horizon* Incident, including, but not limited to oil, other hydrocarbons, and other substances released from the MC252 Well, Corexit EC9500, Corexit EC9527, and other dispersants and decontaminants used in connection with the Response Activities.

12.     Plaintiff was diagnosed on December 19, 2013 with chronic rhinosinusitis and chronic damage to conjunctiva.

13.     Plaintiff's diagnosed medical conditions complained of herein were legally and proximately caused by his/her exposure to the substances and chemicals involved in the *Deepwater Horizon* Incident.

---

[3] "RESPONSE ACTIVITIES shall mean the clean-up, remediation efforts, and all other responsive actions (including the use and handling of dispersants) relating to the release of oil, other hydrocarbons, and other substances from the MC252 WELL and/or the Deepwater Horizon and its appurtenances that were done under the auspices of the Unified Command, BP, or a federal, state or local authority." MSA Sec. II., Para. OOOO.

14. Pursuant to the MSA, the following issues, elements, and proofs need not be proven and may not be litigated at trial in this BELO lawsuit: (i) the fact and/or existence of the MSA in order to prove liability for, invalidity of, or amount of the Plaintiff's claim; (ii) the alleged fault of BP for the *Deepwater Horizon* Incident; and (iii) exposure of Plaintiff to oil, other hydrocarbons, and other substances released from the MC252 WELL and/or the *Deepwater Horizon* and its appurtenances, and/or dispersants and/or decontaminants used in connection with the Response Activities. MSA, § VIII.G.3.b.

15. Pursuant to the MSA, the following issues, elements and proofs may be litigated at trial in this BELO lawsuit: (i) the fact of diagnosis; (ii) the amount and location of oil, other hydrocarbons, and other substances released from the MC252 WELL and/or the *Deepwater Horizon* and its appurtenances, and/or dispersants and/or decontaminants used in connection with the Response Activities, and the timing thereof; (iii) the level and duration of Plaintiff's exposure to oil, other hydrocarbons, and other substances released from the MC252 WELL and/or the *Deepwater Horizon* and its appurtenances, and/or dispersants and/or decontaminants used in connection with the Response Activities, and the timing thereof; (iv) whether Plaintiff's LMPC was legally caused by his/her exposure to oil, other hydrocarbons, and other substances released from the MC252 WELL and/or the *Deepwater Horizon* and its appurtenances, and/or dispersants and/or decontaminants used in connection with the Response Activities; (v) whether there exist any alternative causes for Plaintiff's LMPC; and (vi) the amount, if any, of compensatory damages to which Plaintiff is entitled. MSA, § VIII.G.3.a.

16. Plaintiff's injuries were directly and proximately caused by his/her exposure to substances and chemicals involved in the *Deepwater Horizon* Incident while working as a Clean-Up Worker.  Plaintiff accordingly seeks compensatory damages as set forth below.

## V. DAMAGES

17.    Plaintiff seeks compensation for the following damages, arising out of, due to, or resulting from Plaintiff's injuries:

a)    Past, present, and future medical expenses;

b)    Past, present, and future physical pain and suffering;

c)    Past, present, and future mental pain, anguish, distress, and suffering;

d)    Scarring and disfigurement;

e)    Permanent disability;

f)    Physical impairment;

g)    Lost earnings and damage to wage-earning capacity;

h)    Other economic loss;

i)    Loss of enjoyment of life;

j)    Increased risk, possibility, or fear of suffering in the future from any disease, injury, illness, emotional or mental harm, condition, or death;

k)    Costs for past and ongoing medical screening and monitoring;

l)    Costs of court;

m)    All pre-judgment and post-judgment interest; and

n)    Such other and further relief available under the MSA and all applicable state and federal laws, as well as any relief the Court deems just and appropriate.

## VI. PRAYER

WHEREFORE, Plaintiff prays that this Honorable Court grant all relief to which Plaintiff is justly entitled under the law and in equity against Defendants BP EXPLORATION & PRODUCTION, INC. and BP AMERICA PRODUCTION COMPANY.

Respectfully submitted,

 /s/ Howard L. Nations
Howard L. Nations
Texas State Bar Number 14823000
The Nations Law Firm
3131 Briarpark Dr., Suite 208
Houston, Texas  77042
(713) 807-8400 (Phone)
(713) 807-8423 (Fax)
Nations@howardnations.com

COUNSEL FOR PLAINTIFF,
HEATH JAMES BORDEN